IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENVILLE DIVISION

| | |
|---|---|
| DOROTHY TURNER, an individual; DANIELLE TURNER, an individual; R. TURNER, a minor by and through her mother and next friend, DOROTHY TURNER; J. TURNER, a minor by and through her mother and next friend, DOROTHY TURNER; and J. POYTHRESS, a minor by and through through his grandmother and legal guardian DOROTHY TURNER, <br><br> Plaintiffs, <br><br> v. <br><br> ESTES EXPRESS LINES, a corporation, <br><br> Defendant. | CASE NO: 2:15-CV-00037 <br><br> JURY DEMAND REQUESTED |

## COMPLAINT

1. Plaintiff Dorothy Turner is over nineteen years of age, a resident of Jefferson County, Alabama and a citizen of the State of Alabama (hereinafter "plaintiff Dorothy. Turner).

2. Plaintiff Danielle Turner is over nineteen years of age, a resident of Jefferson County, Alabama and a citizen of the State of Alabama (hereinafter "plaintiff Danielle Turner).

3. Plaintiff R. Turner is under the age of nineteen (19), a resident of the State of Alabama and brings claims against the defendant by and through her mother and next friend Dorothy Turner (hereinafter "plaintiff R. Turner).

4. Plaintiff J. Turner is under the age of nineteen (19), a resident of the State of Alabama and brings claims against the defendant by and through her mother and next friend Dorothy Turner (hereinafter "plaintiff J. Turner).

5. Plaintiff J. Poythress is under the age of nineteen (19), a resident of the State of Alabama and brings claims against the defendant by and through his grandmother and legal guardian Dorothy Turner (hereinafter "plaintiff J. Poythress).

6. Estes Express Lines (hereinafter referred to as "defendant Estes") is a corporation formed in the State of Virginia with it principal place of business also in Virginia. Therefore, for purposes of diversity of citizenship, defendant Estes is a citizen of Virginia.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332. Venue is proper as the wreck occurred in Greene County, Tennessee.

## FACTS

8. On or about the February 25, 2014, Plaintiff Dorothy Turner, was driving a motor vehicle and her children Danielle Turner, R. Turner, J. Turner and

grandson J. Poythress were passengers. Plaintiffs were driving north on Interstate 81 North, in Greene County, Tennessee and were near mile marker 40.15 when they were rear ended by a commercial motor vehicle owned by defendant Estes and driven by an Estes employee who was acting in the line and scope of his employment for Estes. Said Estes commercial motor vehicle was negligently, wantonly, and recklessly operated in such a way as to cause injuries and damages to plaintiffs.

## COUNT I - NEGLIGENCE

9. Plaintiffs re-assert, re-allege and incorporate paragraphs 1 through 8 as if set out herein in full.

10. Plaintiffs aver that said negligent conduct of defendant Estes' employee was the proximate cause of the injuries and damages to the plaintiffs. At the aforesaid time and place, defendant Estes' employee, individually and while in the furtherance of the business of, or while on an errand or mission for defendant Estes negligently operated his vehicle.

11. Plaintiff Dorothy Turner was caused to suffer injuries to her head, jaw, neck, back, elbows, hips and legs, suffered decreased hearing and headaches, as well as bruises and contusions about the body. She was otherwise injured, suffered great pain of body and mind, incurred lost wages, property damage, and significant expenses for medical treatment and will incur future medical expenses.

12. Plaintiff Danielle Turner was caused to suffer injuries including injuries to her neck, back, shoulder, knees and ankle, as well as bruises and contusions about the body. She was otherwise injured, suffered great pain of body and mind, substantial expenses for medical treatment and lost wages and will incur future medical expenses.

12. Plaintiff R. Turner was caused to suffer injuries to her neck, back, shoulders, legs and knee as well as bumps, bruises and contusions about her body. Plaintiff Dorothy Turner was caused to incur expenses for her daughter's medical treatment and will incur future medical expenses.

13. Plaintiff J. Turner was caused to suffer injuries to her neck, back, and knees as well as bumps, bruises and contusions about her body. Plaintiff Dorothy Turner was caused to incur expenses for her daughter's medical treatment.

14. Plaintiff J. Poythress was caused to suffer injuries to his neck, back, abdomen and legs as well as bumps, bruises and contusions about his body. Plaintiff Dorothy Turner was caused to incur expenses for her grandson's medical treatment.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs demand judgment for compensatory damages against Defendant Estes in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

## COUNT II - WANTONNESS

15. Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 14 as if set out herein in full.

16. Plaintiffs maintain that the conduct of the Estes employee rose to the level of wantonness because he knew or should have known that as a result of his driving plaintiffs would likely be injured. Plaintiffs aver that said wanton conduct of the Estes employee was the proximate cause of the injuries and damages to the plaintiffs. At the aforesaid time and place the Estes employee, individually and while in the furtherance of the business of, or while on an errand or mission for defendant Estes wantonly operated his vehicle.

17. As a direct and proximate result of defendant's wanton conduct, plaintiffs were caused to suffer permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs demand judgment for punitive damages against defendant Estes in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

## COUNT III - NEGLIGENT & WANTON ENTRUSTMENT

18. Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 17 as if set out herein in full.

19. Plaintiffs state that on or about February 25, 2014, defendant Estes negligently and/or wantonly entrusted a vehicle to its employee.

20. Plaintiffs aver that the said Averitt Express, Inc. employee's negligent and/or wanton conduct in the operation of said entrusted vehicle was the proximate cause of the injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs demand judgment against defendant Estes in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

21. Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 20 as if set out herein in full.

22. Plaintiffs maintain that on or about February 25, 2014, defendant Estes, its agents and/or employees, negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee who operated defendant's vehicle in a negligent and/or wanton manner causing injury to the plaintiffs.

23. The above-described negligent and/or wanton hiring, training, and supervising of its employee, combined and concurred, to proximately cause the injuries and damages to the plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** plaintiffs demand judgment against defendant Estes in excess of the minimum jurisdictional limits set forth in

28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

                                            Respectfully Submitted,

                                            Robert L. Gorham (ASB-0010-H66R)
                                            Attorney for Plaintiffs

OF COUNSEL:
GORHAM & ASSOCIATES
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339

## JURY DEMAND

Plaintiff demands trial by struck jury.

                                            Robert L. Gorham

**Please Serve Defendant Via**
**Certified Mail as Follows:**

**Estes Express Lines**
**c/o Robey W. Estes, Jr.**
**3901 West Broad Street**
**Richmond, VA 23230**